UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>Plaintiffs,<br><br>v.<br><br>HASAMUKH SARANG et al.,<br><br>Defendants. | Case No: 2:18-cv-01826-KJM-DB<br><br><br>ORDER |

The court's September 13, 2018 minute order directed the parties to promptly meet and confer to discuss settlement of this action for a period of 45 days. ECF No. 14. Later that same day, plaintiff filed a notice saying that defendant responded to plaintiff's settlement offer unprofessionally and exhibited a clear lack of willingness to discuss settlement in good faith. ECF No. 15 at 2 (quoting defense counsel: "Don't knock yourself out. The Judge issues this order in every ADA access Case.[1] We can offer [REDACTED] and dismissal of everything or we will prevail at trial. If we don't prevail via Law & Motion. Have you ever even tried a case?"). On September 14, plaintiff filed a second notice of defense counsel's continued communications, including an e-mail with the subject line "Lol!!!," in which counsel asked, "Are you a little bit 'sensitive' that you don't have any trial experience?" ECF No. 16 at 2.

---

[1] The court's practice follows the recommendation of the court's ADR judge as to all ADA cases.

1

On September 17, 2018, defense counsel filed a notice with the court asserting that plaintiff violated Federal Rule of Evidence 408 by disclosing statements made during compromise negotiations in its notices to the court, and requesting that the court strike the notices from the docket. ECF No. 17. Putting aside for now the question of whether defense counsel was engaging in any communication that could fairly be described as "compromise negotiations," plaintiff has not presented evidence of any statement made during compromise negotiations "either to prove or disprove the validity or amount of a disputed claim . . . ." Fed. R. Evid. 408. The court DENIES defendant's request.

Defendants' counsel is ORDERED TO SHOW CAUSE on or before October 4, 2018 why he should not be sanctioned for the conduct described in plaintiff's notices, which appears to flout the court's orders. *See Moore v. Chase, Inc.*, No. 1:14-CV-01178-SKO, 2016 WL 521320, at *2 (E.D. Cal. Feb. 10, 2016) ("Any court which has the power to admit attorneys to practice may also sanction them for unprofessional conduct." (citations omitted)); *see also* L.R. 180(e) ("No attorney admitted to practice before this Court shall engage in any conduct that degrades or impugns the integrity of the Court or in any manner interferes with the administration of justice."); Sacramento County Bar Association's Standards of Professional Conduct (posted on Judge Mueller's web page; providing in pertinent part that "[l]awyers shall always act toward other members of the bar in a professional, courteous, dignified, and civil manner, mindful that all lawyers are officers of the court and members of a learned profession, and that every lawyer has a duty to the justice system to act with integrity and to set a high standard of civility.").

Because it appears settlement discussions will not be fruitful in this case, the court's stay is VACATED and a Status Conference is set for **October 11, 2018** at **2:30 PM** in Courtroom 3 before District Judge Kimberly J. Mueller, with the filing of a joint status report due seven days prior.

IT IS SO ORDERED.

DATED: October 1, 2018.

_____
UNITED STATES DISTRICT JUDGE