UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HASAMUKH SARANG, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-01826-KJM-DB<br><br><br>ORDER |

On October 2, 2018, the court ordered defendant to show cause why he should not be sanctioned for conduct identified in plaintiff's filings. ECF No. 18 (order); *see* ECF No. 15 (plaintiff's Sept. 13, 2018 filing identifying defendant's "snarky comment[s]" and "bad faith" responses to plaintiff's attempts to engage in settlement discussions); ECF No. 16 (plaintiff's Sept. 14, 2018 filing attaching unprofessional emails from defendant's counsel and requesting the court "admonish[] [defendant's counsel] . . . for his counter-productive behavior that seems to put lawyer ego ahead of the costs and fees to which the parties may be exposed").

Defense counsel responded to the order to show cause on October 4, 2018, apologizing to the court and opposing counsel for his conduct and identifying ongoing personal difficulties that may have affected his judgment. ECF No. 21 at 1, 4. Defense counsel also identified, without reproducing, several communications sent by plaintiff's counsel, which defense counsel characterized as "provok[ing] and bait[ing] by exponentially more offensive and unprofessional" conduct than defense counsel's own. *Id.* at 2. He cites an email in which

1

plaintiff's counsel apparently attached a photo of defense counsel, stating, "I want to communicate with someone like you the least amount possible. You dont [*sic*] have the discipline to lose weight, you dont [*sic*] have the discipline to do what you say. Do it. Put up or shut up, and we can d**k measure 6 months from now." *Id.* at 2. Defendant also represents that plaintiff purported to identify "a disturbing pattern among the East Indian hotel community of owning hotels that are VERY non-compliant and then they refuse to defend in federal court." *Id.* at 2-3.

Also on October 4, 2018, plaintiff filed a request for a status conference and evidentiary hearing. ECF No. 22. After a single sentence noting plaintiff's counsel is "embarrassed and regrets addressing [defense counsel's] personal appearance," plaintiff dedicated the balance of her filing to the "more important issue" of "the systematic and intentional disregard that the East Indian community has show [*sic*] toward federal courts especially in California." *Id.* at 1. Arguing this theory "is not conspiracy-based," plaintiff requests an "opportunity to produce tables and spreadsheets, which is [*sic*] supported by public record and discussions between [counsel] . . . that will elucidate a very, very disturbing problem in the hotel industry and ADA violations." *Id.* at 1-2. Later that same day, plaintiff filed another response, accepting defense counsel's apology, "offer[ing] concern" for defense counsel's personal difficulties, but arguing defense counsel's "behavior has consistently shown a disregard for the Court's orders and the rules of procedure." ECF No. 23 at 1-2. Plaintiff concluded by "wonder[ing] out loud" whether the court should require defense counsel to demonstrate he has satisfied his obligations in the "lawyer-client relationship and [his] regard for the Court's Orders and the rules of procedure." *Id.* at 3.

Although quick to identify defense counsel's misconduct, plaintiff's counsel appears incapable of identifying his own unprofessional conduct before this court. The communications summarized by defense counsel, none of which plaintiff's counsel disputes, exhibit highly offensive and unprofessional conduct on plaintiff's counsel's part, in addition to apparent impermissible bias. Moreover, plaintiff's counsel, in requesting the court "admonish" defense counsel for his misconduct, presented the court with a misleading depiction of the parties'

interactions that conveniently omitted plaintiff's counsel's own unethical and offensive behavior.

Plaintiff's request for an evidentiary hearing is unclear, improper and DENIED. Plaintiff's counsel is ORDERED to SHOW CAUSE no later than Wednesday, October 10, 2018 at noon why he should not be sanctioned $500 for the unprofessional conduct he has exhibited in these proceedings.

IT IS SO ORDERED.

DATED: October 5, 2018

      /s/ *Kimberly J. Mueller*
UNITED STATES DISTRICT JUDGE