UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>Plaintiff,<br><br>v.<br><br>HASAMUKH SARANG, et al.,<br><br>Defendants. | Case No: 2:18-cv-01826-KJM-DB<br><br><br>ORDER |

In this case brought under the Americans with Disabilities Act (ADA), plaintiff's counsel has insisted multiple times before the court that the "East Indian community" of hotel owners has exhibited a pattern of misconduct, going so far as to request a hearing on the subject. For the reasons below, having carefully considered the matter, the court SANCTIONS plaintiff's counsel $500 for his misconduct in branding an entire community as unlawful based on racial identification or national origin.

I.   BACKGROUND

On September 13, 2018, the court directed the parties to promptly meet and confer to discuss settlement of this action, staying the case for a period of 45 days. ECF No. 14. On September 13 and 14, 2018, plaintiff filed two notices of "defendant's bad faith settlement negotiations." ECF Nos. 15, 16. On October 2, 2018, the court ordered defense counsel to show

1

1    cause why he should not be sanctioned for the conduct described in plaintiff's filings, ECF No.

2    18, and defense counsel responded on October 4, 2018, ECF No. 21, the same day the parties

3    filed a notice of settlement with the court, *see* ECF No. 19.  In his response to the court's order to

4    show cause, defense counsel described several communications sent by plaintiff's counsel, which

5    the court declines to reproduce here, but which were unprofessional, hostile, and at times profane.

6    *See* ECF No. 21 at 2.  Defense counsel also quoted communications from plaintiff's counsel in

7    which the latter complained of "a disturbing pattern among the East Indian hotel community of

8    owning hotels that are VERY non-compliant and then they refuse to defend in federal court."

9    ECF No. 21 at 2–3.  Plaintiff's counsel does not dispute the contents of the emails, and in fact has

10   provided them to the court.  *See* ECF Nos. 26 - 26-11.

11              Later that same day, plaintiff filed a document styled as a "Request for a

12   Conference and To Produce Evidence of Defendants' Intentional Disregard for Federal Law and

13   Federal Rules of Civil Procedure."  ECF No. 22.  Plaintiff's request did not concern the named

14   defendant's conduct, but rather "the systematic and intentional disregard that the East Indian

15   community has show [sic] toward federal courts especially in California."  *Id.* at 1.  Specifically,

16   plaintiff requested an "opportunity to produce tables and spreadsheets, which is [sic] supported by

17   public record and discussions between [counsel] . . . that will elucidate a very, very disturbing

18   problem in the hotel industry and ADA violations."  *Id.* at 2.  In the same filing, plaintiff's

19   counsel clarified his belief that he and his client "have no bias toward the East Indian

20   community," and noted a fear that their "pointing out a clear pattern will classify them as racists."

21   *Id.*

22              The court then ordered plaintiff's counsel to show cause why he should not be

23   sanctioned for his conduct, including by making the second filing described above.  The court

24   noted, *inter alia*, "[t]he communications summarized by defense counsel, none of which

25   plaintiff's counsel disputes, exhibit highly offensive and unprofessional conduct on plaintiff's

26   counsel's part, in addition to apparent impermissible bias."  ECF No. 24.  In response, plaintiff's

27   counsel doubled down by filing a 13-page document with attachments, almost entirely dedicated

28   to explaining he could, if given the chance, demonstrate that East Indian hotel owners as a group

1  exhibit "a pattern" of behavior "that shows a disregard for federal lawsuits alleging federal
2  disability violations and federal procedure." ECF No. 26.  Again, plaintiff's counsel indicated he
3  did not believe he is biased, noting his maternal ancestors are East Indian, his wife's heritage is
4  "Asian," and his children play with children of a family that is "Indian American." *Id.* at 11-12.

5         The court held a status conference and hearing on the orders to show cause on
6  October 11, 2018. *See* ECF No. 27.  Apparently not having consulted this court's standing order,
7  plaintiff's counsel assumed he could appear telephonically without making a prior request to the
8  court.  Despite his lack of diligence, the court allowed him to so appear. *See id.*; *cf.* Standing
9  Orders, http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5020/standing-
10 orders/ (standing order).  At hearing, plaintiff's counsel stood by his request for an evidentiary
11 hearing on the issue of the "pattern of behavior" he perceives, and even went so far as to suggest
12 the court might refer the issue to the U.S. Attorney's Office for further investigation and
13 prosecution.  On October 19, 2018, plaintiff's counsel sent a letter to the court attempting to
14 explain the personal challenges that he believes contributed to his actions.  The letter has been
15 filed under seal due to the personal information it contains. *See* ECF No. 30.

16        Having carefully considered plaintiff's counsel's responses both in his filings and
17 at hearing, as explained below, the court SANCTIONS counsel $500 for his misconduct in filing
18 the documents appearing on the docket at ECF Nos. 22 and 26.

19        As to counsel for defendants, the court made a ruling from the bench, ordering
20 defense counsel to conduct research regarding whether the Sacramento County Bar had recently
21 updated or was in the process of updating its Standards of Professional Conduct, and provide the
22 court with the details of those changes.  On October 18, 2018, the court received a letter from
23 defense counsel, a copy of which was also sent to plaintiff's counsel, and the court finds the letter
24 to be satisfactory. *See* ECF No. 29.  Accordingly, defense counsel's duties under the bench order
25 made October 11, 2018 are hereby DISCHARGED.
26 /////
27 /////
28 /////

## II.     LEGAL STANDARD FOR SANCTIONS

"Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). Within "the court's inherent power" to levy sanctions is the power to assess sanctions "against counsel who willfully abuse judicial processes." *Id.* (quoting *Roadway Express, Inc. v. Piper,* 447 U.S. 752 (1980)). When the court uses its inherent power to issue sanctions *sua sponte*, the Supreme Court requires a finding of bad faith. *Roadway Exp., Inc. v. Piper*, 447 U.S. at 767 ("[T]he trial court did not make a specific finding as to whether counsel's conduct in this case constituted or was tantamount to bad faith, a finding that would have to precede any sanction under the court's inherent powers."); *accord Fink*, 239 F.3d at 992. The Supreme Court has "left no question that a court may levy fee-based sanctions when a party has acted in bad faith . . . or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Fink*, 239 F.3d at 992 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). In the Ninth Circuit, the "bad faith" requirement can be satisfied by "a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.* at 994.

Additionally, it is within the court's inherent power to impose sanctions against an attorney for violating the court's Local Rules. *United States v. Wunsch*, 84 F.3d 1110, 1114 (9th Cir. 1996); *see also Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521–22 (9th Cir. 1983) (holding district court appropriately imposed monetary sanction of $250 against attorney for violating local rule); *see also* L. R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

/////

/////

4

III. <u>ANALYSIS</u>

Even as the court does not condone plaintiff's counsel's patently unprofessional conduct in his communications with defense counsel, *see* ECF No. 21, the court focuses here on plaintiff's Request for Status Conference and to Produce Evidence of Defendants' Intentional Disregard for Federal Law and Federal Rules of Civil Procedure, which is consistent with other communications by plaintiff's counsel with the court. Req., ECF No. 22. Counsel filed this request apparently in response to assertions made in defense counsel's response to the order to show cause against him. *See* ECF No. 21 (detailing e-mails from plaintiff's counsel in which counsel states "I had four prior cases with Mr. Singh, who I believe is also of the East Indian heritage, in which the defendants in those four cases were all East Indian and all defaulted. . . . I do notice a disturbing pattern among the East Indian hotel community of owning hotels that are VERY non-compliant and then they refuse to defend in federal court."); *see also* ECF No. 26-7. Presumably seeking to defend these statements, counsel requested "the opportunity to produce tables and spreadsheets" to elucidate "the systematic and intentional disregard that the East Indian community has show [sic] toward federal courts especially in California." Req. at 1. The request continues, "Plaintiff believes it is imperative that the Court or some federal authority address this issue, which Mr. Singh appears to be a part of." *Id*. Counsel closes, "The East Indian community is a very large and powerful community, especially in the hotel industry. Plaintiff believes this is an appropriate forum [to address this pattern of disregard for federal law]." *Id*. at 2. At the hearing on the orders to show cause, as noted, counsel maintained his position that this court should hold the evidentiary hearing he was requesting.

Plaintiff's request for an "evidentiary hearing" on a "pattern" allegedly exhibited by "the East Indian community" plainly ignores Article III's case and controversy requirement, which limits federal courts to hearing only matters involving injuries asserted in cases before them that are "redressable by a favorable ruling." *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010) (citing U.S. Const. art. III; ). At hearing, plaintiff's counsel protested that he is familiar with Article III's case and controversy requirement. Yet he requested that, in this straightforward ADA case, the court hold a wide-ranging hearing on the behavior of an entire

5

ethnic group, of whom he suggests defendant—not to mention his counsel—is but one member. Notwithstanding his own claim to East Indian ancestry, his request is repugnant, running counter to fundamental principles of the law he is sworn to uphold, and is wholly untethered to any claim in the complaint that demarcates the bounds of this action. *See, e.g.*, Petition By Attorney for Admission, U.S. District Court for the Eastern District of California[1] (requiring petitioner to sign an oath to "support and defend the Constitution" and "demean myself as an attorney . . . and counselor of this court uprightly and according to the law" in order to practice in the district); *see also* Oath of Admission, State Bar of Arizona[2]; *Principe v. Assay Partners*, 86 N.Y.S.2d 182, 185 (Sup. Ct. 1992) (imposing sanctions for sexist remarks made during deposition, noting, "The fundamental concern raised is that discriminatory conduct on the part of an attorney is inherently and palpably adverse to the goals of justice and the legal profession."). Counsel either knew or, as a member of the bar, should have known that no federal court could or would countenance such a request in this type of case, not to mention provide redress. Counsel's taking the position he has, more than once, satisfies the "bad faith" requirement because his doing so was both "willful," with counsel intentionally making the request, and "frivolous[]." *See Fink*, 239 F.3d at 994. This finding is bolstered by the fact that, days after the court denied plaintiff's request as "improper," plaintiff insisted on renewing the argument under the guise of responding to the order to show cause. *See* Pl.'s Response to Order to Show Cause, ECF No. 26 ("The Court believes it 'improper' to present this evidence to the Court . . . . However, a sampling is appropriate to show at least a basis of counsel's claim to further support that Plaintiff's counsel does not have a bias, but rather wished to share a pattern with the Court."). Additionally, the request was made for an "improper purpose": to defend plaintiff's counsel's indefensible remarks. *See* ECF No. 21. There is no little irony in that, were it not for his own filing notifying the court of defense counsel's purportedly "hostile behavior," none of counsel's communications would have come to the court's attention. *See* ECF Nos. 15, 16.

/////

---

[1] www.caed.uscourts.gov/caednew/assets/File/Admission $200.pdf.
[2] https://www.azbar.org/membership/admissions/oathofadmission.

6

For the same reasons, the court finds counsel's request violated Local Rule 180(e), which states, "No attorney admitted to practice before this Court shall engage in any conduct that degrades or impugns the integrity of the Court or in any manner interferes with the administration of justice." *See also Miranda v. S. Pac. Transp. Co.*, 710 F.2d at 521 ("District courts have broad discretion in interpreting and applying their local rules.") (citing *Lance, Inc. v. Dewco Services, Inc.*, 422 F.2d 778, 783–84 (9th Cir. 1970)).  Not only did counsel's request and subsequent response to the show cause order exhibit impermissible bias against the East Indian community as a whole, it did so in a way that interfered with the administration of justice. *See* ECF Nos. 22 & 26; *Wunsch*, 84 F.3d at 1117 (citations omitted) (citing approvingly cases in which courts imposed sanctions based on an attorney's behavior exhibiting bias not only deplorable, but that also interfered with the administration of justice).

Finally, as a cautionary note, the court observes that counsel's behavior appears to run afoul of the Arizona Bar's Rule of Professional Conduct 4.4(a), which states: "In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden any other person . . . .," and Rule 3.1, providing: "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a good faith basis in law and fact for doing so that is not frivolous, which may include a good faith and nonfrivolous argument for an extension, modification or reversal of existing law."  It appears to this court that counsel would be well-advised to undertake a course of continuing legal education to better familiarize himself with the conduct expected of an attorney practicing before the courts and this federal court in particular, and also with issues of impermissible bias.[3]  Counsel is cautioned that repeat conduct in this court of the sort exhibited in this case will lead this court to refer him to the Arizona Bar.

/////

---

[3] The court notes counsel's private letter sent to the court with a copy to opposing counsel, in which counsel said he has taken a "CLE course entitled 'Eliminating Bias in the Legal Profession.'"  While the letter has been filed under seal as noted above, the court discloses in this footnote only those non-private portions of the letter that are relevant here. *See* ECF No. 30 (sealed).  The court also notes the letter does not retract or revise any of counsel's prior positions. *Id.*

IV. <u>CONCLUSION</u>

   For the foregoing reasons, the court SANCTIONS plaintiff's counsel $500 for his conduct, payable to the United States District Court for the Eastern District of California. Plaintiff's counsel shall file a declaration within seven (7) days of this order attesting he has (1) paid the $500 sanction; and (2) has not passed this cost on to his client.

   IT IS SO ORDERED.

DATED: March 19, 2019.

                                 _____
                                 UNITED STATES DISTRICT JUDGE